NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLS BANK INTERNATIONAL,**

*Plaintiff-Appellee,*

AND

**CLS SERVICES LTD.,**

*Counterclaim-Defendant Appellee,*

v.

**ALICE CORPORATION PTY. LTD.,**

*Defendant-Appellant.*

---

2011-1301

---

Appeal from the United States District Court for the District of Columbia in No. 07-CV-0974, Judge Rosemary M. Collyer.

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, BRYSON, LINN, DYK, PROST, MOORE, O'MALLEY, REYNA, and WALLACH, *Circuit Judges*.

PER CURIAM.

# O R D E R

A petition for rehearing en banc was filed by Appellees CLS Bank International and CLS Services Ltd.

(collectively "CLS Bank"), and a response thereto was invited by the court and filed by Appellant Alice Corporation Pty. Ltd. ("Alice").

The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc, the response, and the briefs of amici curiae were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)  The petition of CLS Bank for rehearing en banc is granted.

(2)  The court's opinion of July 9, 2012 is vacated, and the appeal is reinstated.

(3) The parties are requested to file new briefs addressing the following questions:

a. What test should the court adopt to determine whether a computer-implemented invention is a patent ineligible "abstract idea"; and when, if ever, does the presence of a computer in a claim lend patent eligibility to an otherwise patent-ineligible idea?

b. In assessing patent eligibility under 35 U.S.C. § 101 of a computer-implemented invention, should it matter whether the invention is claimed as a method, system, or storage medium; and should such claims at times be considered equivalent for § 101 purposes?

(4)  This appeal will be heard en banc on the basis of the originally-filed briefs, additional briefing ordered herein, and oral argument.  An original and thirty copies

of all originally-filed briefs shall be filed within 20 days from the date of filing of this order. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. CLS Bank's en banc brief is due 45 days from the date of this order. Alice's en banc response brief is due within 30 days of service of the CLS Bank new en banc brief, and the reply brief within 15 days of service of the response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(5) The court invites the views of the United States Patent and Trademark Office as amicus curiae. Other briefs of amici curiae will be entertained, and any such amicus briefs may be filed without consent and leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(6) Oral argument will be held at a time and date to be announced later.

FOR THE COURT

October 9, 2012                    /s/ Jan Horbaly
    Date                           Jan Horbaly
                                   Clerk

cc:  Mark A. Perry, Esq.
     David M. Krinsky, Esq.
     John D. Vandenberg, Esq.
     Julie P. Samuels, Esq.
     Daryl L. Joseffer, Esq.